THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CROSETTI BRAND, # M02369, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-01396-GCS |
| | ) |
| ROB JEFFREYS, and | ) |
| MARK BUNDREN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Crosetti Brand is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred while he was confined at Shawnee Correctional Center ("Shawnee"). He claims that an incident of excessive force violated his First and Eighth Amendment rights as well as Illinois state law; he seeks monetary damages and injunctive relief. (Doc. 16).

Plaintiff's First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his pleading (Doc. 16): On November 10, 2020, at Shawnee, Plaintiff was attacked by another inmate and a fight ensued. (Doc. 16, p. 9). Defendant Bundren sprayed Plaintiff in the face with pepper spray and ordered him to stop fighting. When Plaintiff failed to comply, Bundren sprayed Plaintiff's face, head, and chest a second time. To subdue Plaintiff, Bundren handcuffed Plaintiff's wrists so tightly that he caused abrasions and pain. Although Plaintiff no longer presented a threat, Bundren kicked Plaintiff in the head and pepper-sprayed his head and face two more times. (Doc. 16, p. 10). When Bundren escorted Plaintiff away from the area, he shoved Plaintiff's head, face, and body against a door to open it. Plaintiff was taken to the Health Care Unit for decontamination, but the nurse did not fully examine his injuries. (Doc. 16, p. 10-11).

Plaintiff filed a grievance over the incident which was reviewed by Defendant Jeffreys; Jeffreys failed to take any action to remedy the situation. (Doc. 16, p. 12). Plaintiff suffered injuries including breathing problems, nausea, swelling, and pain for a month as a result of Bundren's conduct. (Doc. 16, p. 12-13). Plaintiff seeks money damages and injunctive relief in the form of an order requiring all IDOC officers to wear body cameras. (Doc. 16, p. 17).

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment claim against Bundren for using excessive force against Plaintiff on November 10, 2020, at Shawnee.

Count 2: First Amendment retaliation claim against Bundren for using excessive force against Plaintiff after he initially refused to stop fighting.

Count 3: Illinois state law claim against Bundren for assault and battery based on the incident in Count 1.

Count 4: *Respondeat superior* claim against Jeffreys for failure to remedy the issues Plaintiff raised in his grievance.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

Plaintiff states sufficient facts for his excessive force claim against Bundren to proceed for further review. *See Wilkins v. Gaddy*, 559 U.S. 34, 39-40 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 2**

The allegations in the First Amended Complaint are also adequate to warrant further review of the retaliation claim against Bundren. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009); *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000).

**Count 3**

Plaintiff's state law tort claim for assault and battery is based on the same facts that support the excessive force claim in Count 1. Therefore, Count 3 may also proceed. *See, e.g., Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)(noting that federal court has supplemental jurisdiction over related state law claims that "derive from a common nucleus of operative fact"). *See also Shea v. Winnebago Cty. Sheriff's Dept.*, No. 17-3078, 746 Fed. Appx. 541, 548 (7th Cir. Aug. 16, 2018)(discussing assault and battery under Illinois law).

**Count 4**

Plaintiff's bases his claim against Jeffreys (Doc. 16, p. 8, 13) on the theory of *respondeat superior* (supervisory liability) – which is not a viable claim in a federal civil rights action. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). He further asserts that Jeffreys should be liable because he failed to provide a remedy for Bundren's conduct through the grievance process. This theory also fails. According to the First Amended Complaint, Jeffreys was not personally present or involved in the incident with Bundren, but only reviewed Plaintiff's grievance after the fact. The alleged mishandling of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[A]

defendant must be 'personally responsible for the deprivation of a constitutional right'" before liability may attach. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)(quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

For these reasons, Plaintiff fails to state a claim upon which relief may be granted in Count 4, and it will be dismissed.

### INJUNCTIVE RELIEF

Defendant Jeffreys, in his official capacity, would be the appropriate official to carry out injunctive relief if any were ordered. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, because Plaintiff is no longer incarcerated at Shawnee where the incident occurred, his request for injunctive relief relative to that correctional center is "moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Of course, Plaintiff has requested an injunction to apply not only to Shawnee, but also to *all* IDOC prisons, *i.e.*, he wants a new policy requiring correctional officers to wear body cameras. (Doc. 16, p. 8, 17). Such an order would run afoul of restrictions on prison-related injunctions in the Prison Litigation Reform Act ("PLRA"), which requires that an injunction "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Further, the court shall not grant prospective relief unless it "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation[.]" *Id.* Because Plaintiff's request for an injunction is overly broad, it will not be further considered. Jeffreys will be dismissed from the action without prejudice.

## OFFICIAL CAPACITY CLAIMS

Plaintiff raises claims against the Defendants in their individual and official capacities. (Doc. 16, p. 7-8). However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the remaining Defendant, Bundren, are dismissed without prejudice.

## PENDING MOTIONS

Plaintiff's motions for appointment of counsel (Doc. 5, 13) are **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *See Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The first prong of the analysis is a threshold question. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655.

In his first motion, Plaintiff states he wrote several attorneys seeking representation, but he did not include any letters responding to his requests. (Doc. 5). His second motion provided no further information in any efforts he may have made to obtain counsel on his own. (Doc. 13). Therefore, the Court cannot conclude that Plaintiff

has satisfied the first *Pruitt* requirement.

Plaintiff states that he has only a 6th grade reading level and has depended on a fellow inmate to help him prepare documents. (Doc. 5). He renewed his request for counsel, stating that because he was in segregation at the time of filing he could not conduct any research or discovery, and his legal material was lost. (Doc. 13, p. 2). At this time, Plaintiff is not facing any motions or deadlines requiring legal research or discovery, thus recruitment of counsel is not warranted. If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

Plaintiff's motion requesting the case to be assigned to a Magistrate Judge (Doc. 14) is **GRANTED** insofar as the undersigned has conducted the required preliminary review of the First Amended Complaint. All parties must consent in order for the case to remain assigned to a Magistrate Judge.

## Disposition

The Complaint states colorable claims in Counts 1, 2, and 3 against Mark Bundren in his individual capacity. Count 4 and Rob Jeffreys are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Mark Bundren: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint

(Doc. 16), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: August 8, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.08.08 09:52:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.